UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| STEPHEN LEE CHOATE, | Case No. 2:18-cv-01958-JAD-CWH |
| Plaintiff, | ORDER |
| v. | |
| CHRIS WEIDICK, *et al.*, | |
| Defendants. | |

## I. DISCUSSION

On October 10, 2018, Plaintiff, who is a prisoner in the Nevada Department of Corrections, filed a complaint pursuant to 42 U.S.C. § 1983, alleging that defendants violated various rights under federal law. (ECF No. 1-1 at 1). Plaintiff's case was placed in line for screening behind hundreds of other prisoner civil rights cases that were filed before he filed his case.

Plaintiff subsequently filed an amended complaint. (ECF No. 5). Although Plaintiff called this document a "second amended petition," it was a first amended complaint and alleged violations of § 1983 and federal constitutional rights. An amended complaint replaces a previous complaint. *See Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989). Therefore, the operative complaint became the first amended complaint (ECF No. 5).

1

Plaintiff then filed a motion for leave to add a supplemental attachment to the "2nd Amended petition." (ECF No. 6). With that motion, he filed not only documents, but factual allegations and he asserted that the "complaint" is a "tort action." (ECF No. 6-1 at 2, 9-14.) Although Plaintiff refers to a "complaint," it appears that he actually means a cause of action and that he is attempting to amend the first amended complaint (ECF No. 5) to add this cause of action, which he asserts is a "tort action." (ECF No. 6-1 at 11.) In the supplement, Plaintiff alleges facts that allegedly took place before he filed the original complaint in this action. (ECF No. 6-1 at 12-14).

The Court denies the motion for leave to add a supplemental attachment to the "2nd Amended petition." (ECF No. 6). Plaintiff's allegations in the supplement are only one cause of action and are not a complete complaint. Under Local Rule 15-1(a), a proposed amended complaint must be complete in and of itself without reference to the complaint that the plaintiff is seeking to amend. Nevada Local Rule of Practice 15-1(a). Therefore, Plaintiff may not file his causes of action in piecemeal fashion. Accordingly, the Court will deny the motion for leave to add the supplemental attachment, but will give Plaintiff leave to file a second amended complaint. If Plaintiff chooses to file a second amended complaint, he must include all the defendants, allegations, and causes of action he wishes to pursue in this case. If Plaintiff does not file a complete second amended complaint within thirty days of this order, the Court will screen only the first amended complaint (ECF No. 5). If Plaintiff does amend the first amended complaint to include a tort action, he is advised to allege what kind of tort action he is bringing and what law he is alleging that defendants violated. Without such allegations, the Court will not be able to determine whether it has jurisdiction over such a claim or if Plaintiff has stated a colorable claim.

Regardless of whether Plaintiff chooses to file a second amended complaint, the Court will neither expedite nor delay the screening in this case.[1]  Plaintiff has repeatedly sought to have this Court expedite the screening of his case.  (ECF No. 10, 12).  The Court denies all such requests.  When Plaintiff filed his original complaint, the Court sent Plaintiff a letter advising him, among other things, that the Court would screen his complaint before any service of the complaint and that this process would take many months.[2]  (ECF No. 2 at 1).  Plaintiff has not identified any reasons why it should screen Plaintiff's complaint before it screens the many civil rights complaints that other prisoners filed before Plaintiff initiated this action.  The Court finds no basis for delaying the screening of other prisoners' complaints in order to expedite the screening of Plaintiff's complaint.

## II.   CONCLUSION

For the foregoing reasons, IT IS ORDERED that the motion for leave to add a supplemental attachment to the "2nd Amended petition" (ECF No. 6) is denied.

IT IS FURTHER ORDERED that Plaintiff is granted leave to file a second amended complaint within thirty days.  If Plaintiff chooses to file a second amended complaint, Plaintiff shall file the second amended complaint within 30 days from the date of entry of this order.

IT IS FURTHER ORDERED that the Clerk of the Court shall send to Plaintiff the approved form for filing a § 1983 complaint, instructions for the same, and a copy of his first amended complaint (ECF No. 5) and his supplemental attachment (ECF No. 6-1).  If Plaintiff chooses to file a second amended complaint, he should use the approved form

---

[1] The Court does not address the application to proceed *in forma pauperis* until it screens the plaintiff's complaint. The plaintiff therefore will not have to begin making payments until after the Court screens the complaint.

[2] The Clerk of the Court is instructed to send Plaintiff another copy of this letter.  Plaintiff should read this letter before sending or filing any other documents with the Court.  As the letter explains, the Court will notify Plaintiff when action is taken on his case and, due to the large number of cases pending before the Court, the Clerk is unable to respond in writing to individual inquiries regarding the status of a plaintiff's case.  (ECF No. 2. at 2.)

3

and he must write the words "Second Amended" above the words "Civil Rights Complaint" in the caption.

IT IS FURTHER ORDERED that, if Plaintiff does not file a second amended complaint within 30 days of this order, the Court will screen the first amended complaint (ECF No. 5).

IT IS FURTHER ORDERED that, to the extent Plaintiff requests that the Court expedite the screening of his case and screen his case before screening civil rights cases that were initiated before his, those requests (ECF No. 10, 12) are denied.

IT IS FURTHER ORDERED that the Clerk of the Court shall re-send Plaintiff a copy of the advisory letter (ECF No. 2).

DATED: June 12, 2019

_____
UNITED STATES MAGISTRATE JUDGE