|                          |                                      |
|--------------------------|--------------------------------------|
| STEPHEN LEE CHOATE,      | Case No.: 2:18-cv-01958-JAD-DJA      |
| Plaintiff                |                                      |
| v.                       | **Order Screening Complaint and Resolving Pending Motions** |
| CHRIS WEIDICK, et al.,   |                                      |
| Defendants               | [ECF Nos. 7, 22]                     |

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

Plaintiff and Nevada state prisoner Stephen Lee Choate brings this civil-rights action under 42 U.S.C. § 1983, alleging a First Amendment retaliation claim and a Fourteenth Amendment equal-protection claim for events that he alleges occurred during an adult-education class he was taking at Nevada's Southern Desert Correctional Center. Four months ago, I screened his second amended complaint, found he stated a colorable First Amendment retaliation claim against the class's teacher, Chris Weidick, and gave him leave to amend his Fourteenth Amendment equal-protection claim.[1] Choate timely amended, and I now screen his third amended complaint,[2] grant his application to proceed *in forma pauperis*, and allow his First Amendment retaliation and Fourteenth Amendment equal-protection claims to proceed.

**I.    Application to proceed in forma pauperis [ECF No. 7]**

Plaintiff applies to proceed *in forma pauperis*.[3] Based on the information regarding his financial status, I find that he is not able to pay an initial installment payment toward the full

---

[1] ECF No. 20.

[2] Choate erroneously captions his third amended complaint as a "2nd Amended Petition." I properly refer to it as his third amended complaint.

[3] ECF No. 7.

filing fee under 28 U.S.C. § 1915, so I grant the application to proceed *in forma pauperis*. This status only relieves the plaintiff of his obligation to prepay the fee in full; he is still required to make monthly payments toward the full $350.00 filing fee when he has funds available.

## II. Screening Choate's Third Amended Complaint

### A. Factual allegations[4]

In 2016 and 2017, Choate was an inmate at Nevada's Southern Desert Correctional Center (SDCC).[5] He alleges in his third amended complaint that he was a student in a culinary class in the adult education school run by CCSD[6] at SDCC.[7] A CCSD teacher, Chris Weidick, made ongoing discriminatory verbal attacks in the classroom against Choate for nine months until Choate told him to stop.[8] When Choate objected to Weidick's harassment, Weidick removed Choate from class two weeks before graduation without a legitimate correctional goal.[9] There were 16 students in the class.[10] Fifteen of them were under the age of 40, and Choate was 65.[11] Choate claims that he was singled out from everyone else in the class for the abusive treatment that caused him emotional distress.[12]

---

[4] These facts are taken from the plaintiff's allegations and are not intended as findings of fact.
[5] ECF No. 21 at 1.
[6] The Court assumes that this is a reference to the Clark County School District.
[7] ECF No. 21 at 3.
[8] *Id.* at 3, 4.
[9] *Id.* at 3, 4.
[10] *Id.* at 9.
[11] *Id.*
[12] *Id.*

**B. Causes of action**

Based on these events, Choate sues CCSD teacher Chris Weidick.[13] Choate alleges a first Amendment retaliation claim and a Fourteenth Amendment equal-protection claim.[14] He seeks damages, injunctive relief, and declaratory relief.[15]

**C. Screening Standard**

Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or an officer or employee of a governmental entity.[16] In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous or malicious, or that fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief.[17] All or part of the complaint may be dismissed *sua sponte* if the prisoner's claims lack an arguable basis in law or fact. This includes claims based on legal conclusions that are untenable, like claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist, as well as claims based on fanciful factual allegations or fantastic or delusional scenarios.[18]

Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief.[19] In making this determination, the court takes all allegations of material fact as true and construes them in

---

[13] *Id.* at 2–3.

[14] *Id.* at 4, 5.

[15] *Id.* at 13.

[16] *See* 28 U.S.C. § 1915A(a).

[17] *See* 28 U.S.C. § 1915A(b)(1)(2).

[18] *See Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

[19] *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999).

the light most favorable to the plaintiff.[20] Allegations of a *pro se* complainant are held to less stringent standards than formal pleadings drafted by lawyers,[21] but a plaintiff must provide more than mere labels and conclusions.[22] "While legal conclusions can provide the framework of a complaint, they must be supported with factual allegations."[23] "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."[24]

## II. Analysis of claims

### A. First Amendment retaliation claim

To state a viable claim for First Amendment retaliation in the prison context, a plaintiff must allege facts sufficient to show: "(1) a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal."[25] Total chilling is not required; it is enough if an official's acts would chill or silence a person of ordinary firmness from future First Amendment activities.[26]

Choate alleges that, because he engaged in the protected conduct of objecting to Weidick's harassment of him, Weidick took the adverse and potentially chilling action of removing Choate from the class without a legitimate correctional goal. These allegations are

---

[20] *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996).

[21] *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *see also Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990) (recognizing that pro se pleadings must be liberally construed).

[22] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

[23] *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

[24] *Id.*

[25] *Rhodes v. Robinson*, 408 F.3d 559, 567–68 (9th Cir. 2004).

[26] *Id.* at 568–69.

sufficient to state a First Amendment retaliation claim at this preliminary screening phase. So the retaliation claim may proceed against Weidick.

### B. Equal-protection claim

Choate alleges that Weidick discriminated against him on the basis of age and violated his rights under the Fourteenth Amendment's Equal Protection Clause.[27] In order to state an equal-protection claim, a plaintiff must allege facts demonstrating that defendants acted with the intent and purpose to discriminate against him based upon membership in a protected class, or that defendants purposefully treated him differently than similarly situated individuals without any rational basis for the disparate treatment.[28] States may discriminate on the basis of age without offending the Fourteenth Amendment if the age classification in question is rationally related to a legitimate state interest.[29]

I find that Choate states a colorable equal-protection claim. He alleges that he was 65 years old, while the other people in the class were under the age of 40, and he alleges that Weidick made discriminatory verbal attacks on him. He also alleges that he was singled out from his classmates for harassment and abuse. In addition, Choate alleges that there was no legitimate reason for Weidick's conduct. This is sufficient at the screening stage to state a colorable equal protection claim. So, the equal protection claim may proceed against Weidick.

---

[27] ECF No. 21 at 5.

[28] *Lee v. City of Los Angeles*, 250 F.3d 668, 686 (9th Cir. 2001); *see also Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000).

[29] *Kimel v. Fla. Bd. of Regents*, 528 U.S. 62, 83–84 (2000).

5

### III. Motion for Expeditious Judicial Examination [ECF No. 22]

Choate has also filed a motion for expeditious judicial examination of his TAC.[30] Choate appears to once again be asking the Court to move consideration of his pleadings ahead of those filed by people in other cases. Although Choate is understandably frustrated by the pace of litigation, this frustration is not a valid reason to prioritize his case over other cases. The Court receives hundreds of civil-rights cases from prisoners every year. I find no basis for prioritizing Choate's case over those who filed similar types of pleadings before Choate did. In any event, because I have now screened the TAC, this motion is moot. So, I deny the motion for expeditious judicial examination.

**Conclusion**

IT IS THEREFORE ORDERED that Choate's application to proceed *in forma pauperis* without having to prepay the filing fee **[ECF No. 7] is GRANTED**.[31] Plaintiff need not pay an initial installment fee, prepay fees or costs or provide security for fees or costs, but he is still required to pay the full $350 filing fee under 28 U.S.C. § 1915, as amended. This full filing fee will remain due and owing even if this case is dismissed or otherwise unsuccessful.

In order to ensure that plaintiff pays the full filing fee, IT IS FURTHER ORDERED that **the Nevada Department of Corrections must pay to the Clerk** of the United States District Court, District of Nevada, **20% of the preceding month's deposits to the account of Stephen Lee Choate, # 1138436** (in months that the account exceeds $10.00) until the full $350 filing fee has been paid for this action. The Clerk is directed to SEND a copy of this order to the attention

---

[30] ECF No. 22.

[31] This order granting *in forma pauperis* status does not extend to the issuance or service of subpoenas at government expense.

6

of **Chief of Inmate Services for the Nevada Department of Prisons,** P.O. Box 7011, Carson City, NV 89702.

IT IS FURTHER ORDERED that the operative complaint is the third amended complaint (ECF No. 21), and this case moves forward as a First Amendment retaliation claim and Fourteenth Amendment equal-protection claim against Defendant Weidick.

IT IS FURTHER ORDERED that the motion for expeditious judicial examination **[ECF No. 22] is DENIED.**

IT IS FURTHER ORDERED that **the Clerk of Court is directed to**:

- **issue a** summons for Defendant Chris Weidick **and deliver it, along with a** copy of the third amended complaint (ECF No. 21) and this order to the U.S. Marshal for service on Defendant Chris Weidick;
- **send** to Plaintiff **one** USM-285 form. **Plaintiff will then have 30 days to complete that form with relevant information about Defendant Chris Weidick and furnish it to the U.S. Marshal to attempt service on Weidick.**

IT IS FURTHER ORDERED that **plaintiff will have 30 days** after receiving from the U.S. Marshal a copy of the USM-285 forms showing whether service has been accomplished **to file a notice** with the Court identifying whether Defendant Chris Weidick was served or not served. If plaintiff wishes to have service again attempted on an unserved defendant, he must seek that relief by filing a motion in which he specifies a more detailed name and/or address for the defendant, or states whether some other manner of service should be attempted.

IT IS FURTHER ORDERED that plaintiff must serve upon defendant or, if appearance has been entered by counsel, upon defendant's attorney, a copy of every pleading, motion or other document submitted to the Court for consideration. Plaintiff must include with the original

paper submitted for filing a certificate stating the date that a true and correct copy of the document was mailed to the defendant or counsel for the defendant. The Court may disregard any paper received by a district judge or magistrate judge that has not been filed with the clerk, and any paper received by a district judge, magistrate judge or the clerk that fails to include a certificate of service.

Dated: January 27, 2020

_____
U.S. District Judge Jennifer A. Dorsey