# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| STEPHEN LEE CHOATE, | Case No. 2:18-cv-01958-JAD-DJA |
| Plaintiff, | |
| v. | **ORDER** |
| CHRIS WEIDICK, ET AL., | |
| Defendants. | |

This matter is before the Court on Plaintiff's Motion for Reconsideration (ECF No. 34) filed on April 3, 2020. On March 19, 2020, the Court denied Plaintiff's request to for an order from the Court that Defendant Weidick's address be filed under seal with the Court so that he can complete service. (ECF No. 30).

A district court "possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient[,]" so long as it has jurisdiction. *City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 885 (9th Cir. 2001) (quotation and emphasis omitted); *see also Smith v. Clark Cty. Sch. Dist*., 727 F.3d 950, 955 (9th Cir. 2013). This district's local rule LR 59-1 advises that "[a] party seeking reconsideration . . . must state with particularity the points of law or fact that the court has overlooked or misunderstood." LR 59-1(a). "Motions for reconsideration are disfavored. A movant must not repeat arguments already presented" except in narrow circumstances. *Id*. at (b).

Plaintiff does not set forth a valid reason why the Court should reconsider Order ECF No. 30. Defendant Weidick is the only remaining Defendant in this matter after the Court's Screening Order was issued on January 27, 2020 permitting some of his third amended complaint to proceed. (ECF No. 25). Plaintiff cited no authority for his request that the Court order the U.S. Marshal's Office to file Defendant Weidick's address under seal. Moreover, the Defendant

Weidick appears to be a CCSD teacher, not an employee of Nevada's Southern Desert Correctional Center and thus, the Court declines to request that the Attorney General's Office notify the Court as to whether it accepts representation because that does not apply to a non-employee of SDCC. Moreover, Plaintiff appears to indicate that CCSD's attorney would accept service on Defendant Weidick's behalf if the Court ordered CCSD to do so. Again, he fails to cite any authority for the Court to force CCSD to accept service on behalf of an individual employee.

IT IS THEREFORE ORDERED that Plaintiff's Motion for Reconsideration (ECF No. 34) is **denied**.

DATED: April 6, 2020.

DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE