# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| STEPHEN LEE CHOATE,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>CHRIS WEIDICK,<br><br>　　　　　Defendant. | Case No. 2:18-cv-01958-JAD-DJA<br><br>**REPORT AND RECOMMENDATION** |

　　　This matter is before the Court on Plaintiff's Motion for Leave to Amend Complaint (ECF No. 49) and proposed Fourth Amended Complaint (ECF No. 49-1), filed on November 5, 2020. On January 27, 2020, the Court issued a screening order on Plaintiff's Third Amended Complaint in which the District Judge let a First Amendment retaliation claim and Fourteenth Amendment equal-protection claim move forward against Defendant Weidick.  (ECF No. 25).  Plaintiff now seeks to proceed on his proposed Fourth Amended Complaint to add individual and official capacity claims against Defendant Weidick and add a joint liability claim against CCSD.

　　　Plaintiff's basis for adding individual and official capacity claims against Defendant Weidick is that he has been unable to obtain a home address in order to supply the U.S. Marshal's Office to effectuate service.  The Court finds that this is not a ground for amending the operative Third Amended Complaint.  Moreover, the District Judge has already permitted a First Amendment retaliation claim and Fourteenth Amendment equal-protection claim to move forward against Defendant Weidick.  So, there is no new allegations in the Fourth Amended Complaint that warrant amendment.

　　　As for his request to add CCSD as a defendant and assert a joint liability claim, Plaintiff claims that this is also his back-up plan to complete service on Defendant Weidick.  He asserts that he wishes to serve CCSD's General Counsel as believes that service would be proper for both

Defendant Weidick and CCSD.  Seeking to amend due to service issues is not proper.  It is not the Court's responsibility to investigate defendants and find their home addresses.  Rather, for IFP cases, the Court assists with service in so much as the U.S. Marshal's Office can be directed to complete service on a properly filled-out summons.  The Court cannot give legal advice to Plaintiff and he is directed to review the Federal Rules of Civil Procedure, including Rule 4, to review his options regarding service like service by publication.  Moreover, Plaintiff generally claims that he wishes to assert "joint liability" against CCSD, presumably because CCSD employed Weidick to teach the culinary class at issue in this case.  However, joint liability is not a colorable claim and the factual allegations in his proposed Fourth Amended Complaint do not rise to the level of a plausible First Amended retaliation or Fourteenth Amendment equal-protection claim against CCSD.  Therefore, the Court will recommend that this case proceed on the operative complaint.

## RECOMMENDATION

The undersigned **RECOMMENDS** that Plaintiff's Motion for Leave to Amend Complaint (ECF No. 49) be **DENIED** and he proceed on the operative Third Amended Complaint.

## NOTICE

Pursuant to Local Rule IB 3-2 any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within (14) days after service of this Notice. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985), *reh'g denied*, 474 U.S. 1111 (1986). The Ninth Circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

DATED: December 17, 2020.

DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE