# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

Stephen Lee Choate,

Plaintiff

v.

Chris Weidick,

Defendant

Case No.: 2:18-cv-01958-JAD-DJA

**Order Overruling Objection, Adopting Report & Recommendation, and Denying Motions for Leave to Amend**

[ECF Nos. 49, 50, 51, 52]

After screening, pro se prisoner Stephen Lee Choate was allowed to proceed on his First Amendment retaliation claim and Fourteenth Amendment equal-protection claim against defendant Chris Weidick, who Choate alleges teaches a class at Nevada's Southern Desert Correctional Center (SDCC) through the Clark County School District (CCSD).[1] Choate moves to amend his complaint to add official-capacity claims against Weidick and a joint-liability claim against CCSD.[2] Magistrate Judge Daniel J. Albregts analyzed Choate's motion and recommends that I deny it because Choate seeks to amend for an improper purpose, does not allege any new claims against Weidick, and does not allege any plausible claims against CCSD.[3] Choate objects[4] but his arguments have no merit, so I overrule Choate's objection and adopt the magistrate judge's report and recommendation in its entirety. And I deny Choate's second motion for leave to amend because it is infirm.

---

[1] ECF Nos. 25 (screening order); 21 (operative complaint, third amended).
[2] ECF No. 49 (motion to amend).
[3] ECF No. 50 (report and recommendation).
[4] ECF No. 51 (objection).

**A.      Report and recommendation to deny Choate's motion for leave to amend**

When a party objects to a magistrate judge's report and recommendation on a dispositive issue, the district court must conduct a de novo review of the challenged findings and recommendations.[5] The district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge," "receive further evidence," or "recommit the matter to the magistrate judge with instructions."[6]

Choate provided the U.S. Marshal with information that Weidick works for CCSD and teaches class at SDCC Monday through Friday from 8 a.m. to 1 p.m.[7] The U.S. Marshal noted on the service receipt that it was "unable to serve" Weidick at the state prison where he teaches and that CCSD could not accept service on his behalf.[8] It also noted that Choate needed to obtain Weidick's home address.[9] Choate hoped to overcome this obstacle by amending his complaint to add claims against CCSD and official-capacity claims against Weidick. Magistrate Judge Albregts determined that Choate's service problem was not a proper reason to amend, and he explained that it is not the court's responsibility to investigate and find a valid service address.[10] Rather, for plaintiffs proceeding in forma pauperis like Choate, the court's assistance extends to directing the U.S. Marshal to "complete service on a properly filled-out summons."[11]

---

[5] Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1)(B); Local Rule IB 3-2(b) (requiring a district judge to review de novo only the portions of a report and recommendation addressing a case-dispositive issue that a party objects to).

[6] 28 U.S.C. § 636(b)(1).

[7] ECF No. 29 at 1 (service receipt).

[8] *Id.*

[9] *Id.*

[10] ECF No. 50 at 2.

[11] *Id.*

2

Choate objects, arguing that Judge Albregts is mistaken about the law governing service by the U.S. Marshal under Federal Rule of Civil Procedure 4(c)(3).[12] He insists that the U.S. Marshal must investigate and supply (to the court under seal) Weidick's home address.[13] Choate provides several authorities to support his position, but most are from district courts and other circuits, so they are not binding. Choate does provide an on-point Ninth Circuit case—*Puett v. Blandford*.[14] In that case, pro se prisoner Puett supplied an address for a defendant who was a member of the Federal Park Police.[15] The U.S. Marshal mailed copies of the summons and complaint to the defendant, who did not acknowledge them.[16] Puett then moved the court to direct the U.S. Marshal to personally serve the defendant at the address he supplied, but the court denied his motion.[17] The court, however, extended the service deadline and directed the Clerk of Court to reissue the summons and deliver it to the U.S. Marshal for service.[18] The Ninth Circuit explained on appeal that the record did not show if the U.S. Marshal actually served the defendant.[19] In any event, the district court ultimately dismissed without prejudice Puett's claims against that defendant for failing to effectuate service.[20]

The Ninth Circuit reversed, holding that "an incarcerated pro se plaintiff proceeding in forma pauperis is entitled to rely on the U.S. Marshal for service of the summons and complaint,

---

[12] ECF No. 51 at 3–5.
[13] ECF No. 51 at 4.
[14] *Id.* (citing *Puett v. Blandford*, 912 F.2d 270 (9th Cir. 1990)).
[15] *Puett*, 912 F.2d at 271.
[16] *Id.*
[17] *Id.* at 272.
[18] *Id.*
[19] *Id.*
[20] *Id.* at 272–73.

3

and, having provided the necessary information to help effectuate service, [a] plaintiff should not be penalized" when the failure to effectuate service is caused by the U.S. Marshal or the court clerk.[21] It explained that the district court erred when it refused to direct the U.S. Marshal to personally serve the defendant when service by mail proved ineffective.[22] And it remanded "so that proper service [could] be effectuated through the U.S. Marshal."[23]

Although the district court made a mistake in *Puett*, the Ninth Circuit placed the burden on the plaintiff to provide the information needed to help serve a defendant. It did not remand for the U.S. Marshal to investigate and supply a valid address for the defendant but, rather, to personally serve the defendant at the address that Puett had supplied. Thus, *Puett* does not support Choate's argument that the U.S. Marshal must find and provide Weidick's home address. I have not located a case in which the Ninth Circuit held that the U.S. Marshal has a duty to do so.[24] So Choate must supply the information needed to help serve Weidick with process. He might obtain this information through a properly issued subpoena duces tecum asking CCSD to provide Weidick's current or last-known address to the court under seal.

Choate also argues that Judge Albregts erred when he determined that the allegations in the proposed fourth amended complaint do not state a plausible First Amendment retaliation or Fourteenth Amendment equal-protection claim against CCSD.[25] Choate insists that he states

---

[21] *Id.* at 275.

[22] *Id.* at 275–76.

[23] *Id.* at 276.

[24] *C.f. Walker v. Summer*, 14 F.3d 1415, 1422 (9th Cir. 1994) (holding that the district court did not abuse its discretion in finding that the pro se prisoner plaintiff failed to show cause why his claim should not be dismissed because the prisoner "did not prove that he provided the marshal with sufficient information to serve" him).

[25] ECF No. 51 at 5.

valid claims against CCSD because it employed Weidick, knew through "numerous complaints over [five] years" that he willfully violated the First and Fourteenth Amendments, and failed to correct the issue or improve its teacher training.[26] As support, Choate cites an Eleventh Circuit case explaining that a prison warden can be held liable under 42 U.S.C. § 1983 for a subordinate's violations on the basis of supervisor liability.[27]

But the CCSD is a municipality, not a supervisor, and the law is clear "that a local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents."[28] To state a viable claim against CCSD, Choate must allege true facts to show that his injury occurred because Weidick was acting (1) under an "expressly adopted official policy" of the CCSD or (2) a "longstanding practice or custom" of CCSD, or (3) as a "'final policy maker.'"[29] Choate does not point out how his proposed amended complaint satisfies this standard, and I do not find that it does. So I overrule Choate's objection on both grounds and adopt Judge Albregts's report and recommendation in its entirety.

**B.     Choate's second motion for leave to amend**

While his objection to Judge Albregts's report and recommendation was pending, Choate filed a second motion seeking leave to amend to add a new claim and new defendants. Choate appears to seek leave to add a conspiracy-to-cover-up claim against unnamed defendants.[30] In screening Choate's operative pleading, I dismissed his conspiracy-to-cover-up claim without prejudice to his ability "to later file a complaint" with that claim "in the event that he loses his

---

[26] *Id.*
[27] *Id.* (citing *Valdes v. Crosby*, 450 F.3d 1231 (11th Cir. 2006)).
[28] *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 694 (1978).
[29] *Lytle v. Carl* 382 F.3d 978, 982 (9th Cir. 2004) (internal quotation omitted).
[30] ECF No. 52 at 3.

5

age-discrimination claim in this action *because of* such a conspiracy."[31] Choate has not lost his claims in this action, so the event that would trigger his ability to file a complaint *in a new action* alleging a conspiracy-to-cover-up claim has not yet come to pass.

Choate also moves to add CCSD principal Ann Froby and CCSD as defendants.[32] He argues that this amendment will allow CCSD's attorney to accept service for Weidick.[33] Choate is mistaken in his belief that adding claims against others would authorize the CCSD's attorney to accept service for Weidick. But even if that trick worked, adding claims against a person or entity for the sole purpose of serving another is not proper reason to sue them.[34]

## Conclusion

IT IS THEREFORE ORDERED that Choate's objection **[ECF No. 51]** to the magistrate judge's report and recommendation **is OVERRULED, and the report and recommendation [ECF No. 50] is ADOPTED in its entirety**.

IT IS FURTHER ORDERED Choate's motions for leave to amend **[ECF Nos. 49, 52] are DENIED**.

_____
U.S. District Judge Jennifer A. Dorsey
May 4, 2021

---

[31] ECF No. 20 at 10.

[32] ECF No. 52 at 3–4.

[33] *Id.* at 3.

[34] *See, e.g.*, Fed. R. Civ. P. 11(b)(2)(3) (by signing a pleading, a party represents to the court that the claims asserted are warranted by existing law or nonfrivolous argument for its change and the factual contentions have or will have evidentiary support).

6