# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Stephen Choate, | Case No. 2:18-cv-01958-JAD-DJA |
| Plaintiff, | |
| v. | **Order Granting Request for Issuance of a Subpoena.** |
| Chris Weidick, | |
| Defendant. | |

This is an action arising out of Plaintiff Stephen Choate's claims that Defendant Chris Weidick violated Plaintiff's First and Fourteenth Amendment rights. Plaintiff is an inmate at the Southern Desert Correctional Center. Plaintiff attempted to serve Weidick by naming Weidick's employer—the Clark County School District—in an amended complaint. In adopting the report and recommendation to dismiss Plaintiff's claims against CCSD, District Judge Jennifer A. Dorsey pointed out that Plaintiff might obtain Weidick's address by issuing a subpoena *duces tecum* to CCSD asking it to file Weidick's current or last-known address under seal. In response, Plaintiff filed a motion for the Court to issue a subpoena *duces tecum* to CCSD, styled as a "notice of proposed subpoena *duces tecum*." Because the Court construes pro se pleadings liberally and because Plaintiff is complying with Judge Dorsey's order, the Court liberally construes and grants Plaintiff's motion for issuance of a subpoena *duces tecum* to CCSD.

**I.   Discussion.**

The Court liberally construes pro se pleadings. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). Plaintiffs proceeding *in forma pauperis* are also entitled to rely on the U.S. Marshal for service. *See* Fed. R. Civ. P. 4(c)(3). To serve a subpoena, a party must first obtain a subpoena, signed by the Clerk of Court. *See* Fed. R. Civ. P. 45(a)(3).

Here, the Court liberally construes Plaintiff's notice as a request for issuance of a subpoena. Because Plaintiff is attempting to follow Judge Dorsey's order, the Court grants his request to obtain a subpoena. Plaintiff must follow the steps outlined in this Order to ensure proper service.

**IT IS THEREFORE ORDERED** as follows:

- The Clerk of Court is kindly directed to issue a subpoena duces tecum to the Custodian of Records at CCSD directing the custodian to provide the last known address and telephone number of Chris Weidick:

- The Clerk of Court shall then deliver the subpoena duces tecum, the summons, complaint, and a copy of this Order to the U.S. Marshal Service.

- The U.S. Marshal Service is kindly directed to serve the subpoena duces tecum as well as a copy of this Order on the Custodian of Records for CCSD.

- The Custodian of Records shall respond to the subpoena duces tecum within fourteen days of receipt. The Custodian shall provide its response to the U.S. Marshal Service and the U.S. Marshal Service shall retain Chris Weidick's last known address and phone number under seal.

- Within thirty days of receiving the information from CCSD, the U.S. Marshal Service shall use the information provided by CCSD to attempt to serve the summons and complaint on Chris Weidick. The U.S. Marshal Service shall provide Plaintiff with a USM-285 form (without listing Weidick's address or phone number) indicating whether service was effectuated.

- Plaintiff shall file the USM-285 within ten days after receiving it from the U.S. Marshal Service.

- If the U.S. Marshal Service is unable to serve Weidick and Plaintiff wishes to have service again attempted on Weidick, a motion must be filed with the court specifying a more detailed name and/or address for Weidick, or whether some other manner of service

should be attempted. Under Rule 4(m) of the Federal Rules of Civil Procedure, service must be accomplished within ninety days from the date this order is entered.

DATED: August 19, 2021

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE