UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Stephen Lee Choate,<br><br>                    Plaintiff,<br><br>        v.<br><br>Chris Weidick, et al.,<br><br>                    Defendants. | Case No. 2:18-cv-01958-JAD-DJA<br><br>**Order<br>and<br>Report and Recommendation** |

      This is a prisoner civil rights case arising out of Plaintiff Stephen Choate's—an inmate at Southern Desert Correctional Center ("SDCC")—assertion that he was wrongfully removed from a cooking class taught by Defendant Chris Weidick.  Plaintiff sues Weidick for damages, claiming that Weidick discriminated against him in violation of the Fourteenth Amendment and retaliated against him in violation of the First Amendment.  (ECF No. 21; ECF No. 25 at 7).  Plaintiff moves on an emergency basis for a protective order and to issue a subpoena *duces tecum* to SDCC, moves to amend his complaint, and moves for appointment of counsel.  (ECF Nos. 65, 67, and 71).

      Because the Court finds that Plaintiff is seeking injunctive relief through his motion for a protective order, but that Plaintiff has not demonstrated irreparable harm, it recommends denying the motion in part.  (ECF No. 65).  Because the Court finds that Plaintiff is requesting a subpoena *duces tecum* through his motion for a protective order, it grants the motion in part only as it relates to issuing a subpoena.  (ECF No. 65).  Because the Court finds that Plaintiff has not properly attached a proposed amended complaint to his motion to amend and has not demonstrated extraordinary circumstances in his motion for appointment of counsel, it denies both motions.  (ECF Nos. 67 and 71).  The Court finds these matters properly resolved without a hearing.  LR 78-1.

**I.      Background.**

   ***A.      Plaintiff's emergency motion for protective order and for a subpoena.***

Plaintiff filed a motion—titled "emergency motion"[1]—for a protective order alleging that, after he served Weidick, Weidick filed a false complaint of harassment against him, which SDCC began investigating. (ECF No. 65). Plaintiff asserts that, during the investigation, he was removed from his job as an administrative porter to separate him from Weidick. (*Id.* at 2-3). Plaintiff asks the Court to prevent SDCC from acting on the complaint, claiming that if the prison determines the complaint is legitimate through its investigation, Plaintiff will lose certain privileges. (*Id.* at 3). Attached to his motion, Plaintiff includes a request for a subpoena *duces tecum* to SDCC to preserve video footage which would show that Weidick's complaint of harassment was false. (*Id.* at 8-9). Plaintiff also requests Weidick's complaint through his subpoena. (*Id.*). The security footage, Plaintiff claims, will be erased or "dubbed over" in sixty days, which appears to be the basis for the emergency nature of his motion. (*Id.* at 3).

Weidick responds that he never filed a complaint against Plaintiff. (ECF No. 69). He adds that, if he had, the appropriate course of action for Plaintiff would be to exhaust his administrative remedies. (*Id.* at 2). Because Plaintiff has not provided evidence that he has exhausted those remedies, Weidick asks the Court to dismiss Plaintiff's motion. (*Id.*). In replying in support of his motion, Plaintiff seems to assert that SDCC's investigation resulted in no adverse actions against him. (ECF No. 72 at 3-4). He claims that he was rehired for his job and placed on a new schedule to avoid contact with Weidick. (*Id.*).

---

[1] Plaintiff has recently filed a "request for expeditious judicial notice," asking the Court why it did not consider his emergency motion on an expedited basis. (ECF No. 73). However, simply including "emergency" in the title of a motion is not sufficient under Local Rule 7-4 to have a motion heard on an expedited basis. While the Court liberally construes *pro se* motions, Plaintiff must adhere to the requirements of Local Rule 7-4 to ensure that emergency motions are flagged as such for the Court and for other parties and that the nature of the emergency is clearly articulated.

### B. *Plaintiff's motion to amend.*

Plaintiff moves to amend his complaint to add the Clark County School District ("CCSD")—Weidick's employer—to the action. (ECF No. 67). Weidick opposes the motion in part because Plaintiff failed to attach a proposed amended complaint to his motion.[2] (ECF No. 70). Plaintiff responds to bolster his reasons why CCSD should be included in his action but does not address why he did not attach an amended complaint. (ECF No. 73).

### C. *Plaintiff's motion for appointment of counsel.*

Plaintiff moves for appointment of "stand-by" counsel. (ECF No. 71). Plaintiff requests legal assistance to "legalize" his motions because he has no access to a computer and is unfamiliar with the local rules. (*Id.* at 2). Weidick did not file a response.

## II. Discussion.

### A. *The Court recommends denying Plaintiff's motion for protective order.*

Plaintiff's motion for a protective order appears to seek injunctive relief because it asks the Court to prevent SDCC from acting on Weidick's complaint. (ECF 65). Under Local Rule IB 1-4 and 28 U.S.C. § 636(b)(1)(B), Magistrate Judges may not finally determine motions for injunctive relief but must instead file findings and recommendations. LR IB 1-4. The purpose of a preliminary injunction or temporary restraining order is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions of the parties until the merits of the action are ultimately determined. *University of Texas v. Camenisch*, 451 U.S. 390, 395 (1981). A preliminary injunction is an "extraordinary and drastic remedy" that is "never awarded as of right." *Munaf v. Geren*, 553 U.S. 674, 689-90 (2008). Instead, in every case, the court "must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief." *Winter v. Natural Resource Defense Council, Inc.*, 555 U.S. 7, 23 (2008) (internal quotations and citations

---

[2] Weidick also argues that amendment is futile because Plaintiff missed the deadline for serving Weidick. (ECF No. 70 at 2-3). But this issue is currently pending in front of the Honorable District Judge Jennifer A. Dorsey through Weidick's motion to dismiss. The Court will thus not address this argument. Nor does it need to for the purposes of this order. As discussed more fully below, the Court denies Plaintiff's motion for failure to attach a proposed amended complaint.

omitted). The instant motion thus requires the Court to determine whether Plaintiff has established that: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest. *Id.* at 20 (citations omitted).

The Court recommends denying Plaintiff's request for an injunction—styled as an emergency motion for a protective order—because Plaintiff has not demonstrated irreparable harm. In his motion, Plaintiff appears to assert that the prison was actively investigating a complaint that Weidick filed against him (ECF No. 65 at 2-4). Plaintiff asks the Court to stop SDCC from continuing with the investigation or enforcing its potential consequences. (*Id.*). However, in his reply, Plaintiff appears to assert that the investigation did not result in harm, let alone irreparable harm. (ECF No. 72 at 3-4). As Plaintiff claims, "once [the] investigation [was] complete [and] found no cause to Weidick['s] complaint…[I] was re-hired on 'American Flag Duty' and hours change[d] so Weidick['s] arrival and departure are different [from] my flag duty to…stop further complaints." (*Id.*). Because Plaintiff has not demonstrated irreparable harm—or likelihood of success, the balance of equities, or that an injunction is in the public interest—the Court recommends denial of his motion without prejudice.

### **B.** *The Court grants Plaintiff's motion for a subpoena* duces tecum.

The Court liberally construes pro se pleadings. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). To serve a subpoena, a party must first obtain a subpoena, signed by the Clerk of Court. *See* Fed. R. Civ. P. 45(a)(3). "The clerk must issue a subpoena, signed but otherwise blank, to a party who requests it. That party must complete it before service." Fed. R. Civ. P. 45(a)(3). "If the subpoena commands the production of documents, electronically stored information, or tangible things…then before it is served on the person to whom it is directed, a notice and a copy of the subpoena must be served on each party." Fed. R. Civ. P. 45(a)(4). Plaintiffs proceeding *in forma pauperis* are also entitled to rely on the U.S. Marshal for service. *See* Fed. R. Civ. P. 4(c)(3)

The Court grants Plaintiff's motion for a subpoena *duces tecum*. Plaintiff attaches what appears to be a motion for a subpoena *duces tecum* to his motion for a protective order. In it, he

requests a subpoena *duces tecum* to be issued to SDCC for security footage and a copy of the complaint Weidick allegedly filed against Plaintiff. (ECF No. 65 at 8). Although the court typically requires separate motions to be filed for each type of relief requested, the Court also liberally construes *pro se* pleadings. Plaintiff has clearly requested a subpoena, and, under Rule 45(a)(1)(3), the Clerk must issue a subpoena to a party who requests it.

The Court will thus direct the Clerk of Court to issue a subpoena *duces tecum* so that Plaintiff may subpoena SDCC to produce the security footage and complaint Plaintiff seeks. Plaintiff is responsible for filling out and serving the subpoena on SDCC and serving the subpoena and notice of subpoena on Weidick. Plaintiff is also reminded that, as set forth in the Honorable District Judge Jennifer A. Dorsey's order: the "order granting *in forma pauperis* status does not extend to the issuance or service of subpoenas at government expense." (ECF No. 25 at 5). Plaintiff will be required to pay reasonable fees assessed by SDCC for copying and producing the records and footage Plaintiff seeks and for fees assessed by the United States Marshal's Service for serving the subpoena.

### C. *The Court denies Plaintiff's motion to amend his complaint.*

A party moving to amend must attach a copy of the proposed amended pleading under Local Rule 15-1. Amended pleadings supersede (replace) all prior pleadings. Thus, Local Rule 15-1 requires that the proposed amended pleading be complete in and of itself without reference to the superseded pleading and must include copies of all exhibits referred to in the proposed amended pleading. LR 15-1.

The Court denies Plaintiff's motion to amend without prejudice for his failure to attach a proposed amended complaint. Plaintiff seeks to amend his complaint to add the Clark County School District ("CCSD") as a defendant. (ECF No. 67). However, as Weidick points out in his opposition, Plaintiff has not attached a proposed amended pleading. (ECF No. 70). Plaintiff adds reasons why CCSD is a proper defendant in his reply but does not attach a proposed amended complaint. (ECF No. 72). The Court thus denies Plaintiff's motion to amend his complaint without prejudice.

### D. The Court denies Plaintiff's motion for appointment of counsel.

There is no constitutional right to appointed counsel in civil actions. Under 28 U.S.C. § 1915(e)(1), the district court may request that an attorney represent an indigent civil litigant. *See, e.g.*, *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986); 28 U.S.C. § 1915(e)(1) ("The court may request an attorney to represent any person unable to afford counsel."). While the decision to request counsel is a matter that lies within the discretion of the district court, the court may exercise this discretion to request or "appoint" counsel only under "exceptional circumstances." *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). "A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits and the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the issues involved. Neither of these factors is dispositive and both must be viewed together before reaching a decision." *Id*. While any *pro se* inmate may benefit from the services of counsel, that is not the standard the court must employ in determining whether counsel should be appointed. *Anderson v. Nev.*, 3:16-cv-00056-RCJ-WGC, 2017 WL 11479417, at *2 (D. Nev. Nov. 22, 2017).

The Court denies Plaintiff's motion for appointment of counsel because his case does not present the exceptional circumstances under which appointment of counsel is warranted under the *Terrell* factors. The first factor weighs only slightly in Plaintiff's favor. Plaintiff's First Amendment retaliation claim and Fourteenth Amendment equal protection claim against Weidick have survived screening. (ECF No. 25). And although he has not demonstrated why he has a likelihood of success on the merits in his motion, Plaintiff could potentially prevail on these claims. (ECF No. 71). The second factor, however, weighs against Plaintiff's motion. Plaintiff does not assert that he is incapable of articulating his claims. Instead, he argues that he has no access to a computer and is unfamiliar with this Court's procedural rules. (ECF No. 71 at 2). But these are issues many *pro se* inmates face and are not the standard for appointing counsel. Instead, the standard is whether Plaintiff can articulate his claims, which ability Plaintiff has repeatedly demonstrated. Finally, although Weidick did not oppose Plaintiff's motion, even if Weidick consented to granting the motion under Local Rule 7-2(d), the discretion to appoint

counsel lies with the Court. Because Plaintiff has not demonstrated extraordinary circumstances, the Court thus denies Plaintiff's motion for appointment of counsel.

## ORDER

**IT IS THEREFORE ORDERED** that Plaintiff's emergency motion for a protective order (ECF No. 65) is **granted in part** only as it relates to Plaintiff's request for issuance of a subpoena *duces tecum*. The Clerk of Court is kindly directed to issue an executed subpoena *duces tecum* in blank to Plaintiff and to mail Plaintiff four blank Forms USM 285. Plaintiff shall fill out the subpoena *duces tecum* with the information he seeks from SDCC. Plaintiff shall also fill out the Forms USM 285 to serve his notice of subpoena on Weidick and his subpoena on SDCC in compliance with Federal Rule of Civil Procedure 45. Plaintiff shall have twenty-one days in which to furnish the U.S. Marshal with: (1) a notice of subpoena *duces tecum*, copy of the subpoena *duces tecum*, and Form USM 285 to be served on Weidick; and (2) a copy of the subpoena *duces tecum* and USM Form 285 to be served on SDCC after Weidick has been served with notice. Plaintiff shall pay all associated fees.

**IT IS FURTHER ORDERED** that Plaintiff's motion to amend (ECF No. 67) is **denied without prejudice**.

**IT IS FURTHER ORDERED** that Plaintiff's motion for appointment of counsel (ECF No. 71) is **denied without prejudice**.

## REPORT AND RECOMMENDATION

**IT IS RECOMMENDED** that Plaintiff's motion for injunctive relief (ECF No. 65)—styled as an emergency motion for protective order—be **denied in part** as it relates to Plaintiff's request for injunctive relief as stated in this Report and Recommendation and Order.

## NOTICE

This report and recommendation is submitted to the United States District Judge assigned to this case under 28 U.S.C. § 636(b)(1). A party who objects to this report and recommendation may file a written objection supported by points and authorities within fourteen days of being served with this report and recommendation. Local Rule IB 3-2(a). Failure to file a timely

objection may waive the right to appeal the district court's order.  *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

DATED: January 3, 2022

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE