1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

Stephen Lee Choate,

          Plaintiff,

    v.

Chris Weidick, et al.,

          Defendants.

Case No. 2:18-cv-01958-JAD-DJA

**Order**

Defendant Chris Weidick has moved to strike Plaintiff Stephen Lee Choate's improperly filed complaint (ECF No. 77) and Plaintiff has moved to request the Court to re-send USM-285 forms he claims he did not receive in the mail (ECF No. 79).  Plaintiff did not respond to Defendant's motion to strike.  Defendant responded to Plaintiff's motion for forms.  (ECF No. 80).  Plaintiff filed a reply in support of his motion for forms.  (ECF No. 81).

Because the Court finds that Plaintiff has improperly filed an amended complaint, it grants Defendant's motion to strike.  Because the Court finds that allowing Plaintiff to pursue his case on the merits, instead of because he has not received certain forms, is more aligned with public policy, it grants Plaintiff's motion for the Court to re-send the USM-285 forms.  The Court finds these matters properly resolved without a hearing.  LR 78-1.

**I.     Discussion.**

    ***A.     The Court grants Defendant's motion to strike.***

This Court previously denied Plaintiff's motion to amend his complaint because it did not attach his proposed amended complaint as required under Local Rule 15-1.  (ECF No. 74).  Plaintiff then filed an amended complaint on the docket.  However, filing an amended complaint on the docket is not compliant with Local Rule 15-1 either.  Instead, "the moving party (here, Plaintiff) must attach the proposed amended pleading to a motion seeking leave of the court to

file an amended pleading." LR 15-1.  Plaintiff did not explain why he filed his amended complaint on the docket—instead of moving to amend and attaching his amended pleading—in response to Defendant's motion.  Because under Local Rule 7-2(d) the failure to respond to a motion constitutes a consent to the granting of the motion, the Court grants Defendant's motion to strike Plaintiff's amended complaint.  *See* LR 7-2(d).

### B.    The Court grants Plaintiff's motion for USM-285 forms.

Plaintiff moves the Court to ask the Clerk of Court to mail Plaintiff four blank USM-285 forms.  (ECF No. 79).  He explains that he never received the four USM-285 forms that the Court ordered and thus, could not complete service of the subpoenas within the twenty-one days the Court ordered.  (ECF No. 74).  Defendant objects, arguing that, "until the Court rules on Weidick's motion to dismiss, Choate should not be allowed to continue to obtain subpoenas, conduct discovery, or take any other actions that are not permitted at this stage in the litigation." (ECF No. 80).  Defendant adds that "[o]n information and belief, NDOC does not have any video footage that Choate is seeking – if it existed, it has almost certainly been overwritten."  (*Id.* at 2). Plaintiff replies and re-asserts that he never received the forms the Court ordered. (ECF No. 81).

The Court grants Plaintiff's motion to receive the four blank USM-285 forms.  The Court previously order these to be mailed to Plaintiff, and it has no reason not to believe Plaintiff's assertion that he has not received them.  Additionally, Defendant has not cited any rule which would prevent Plaintiff from requesting a subpoena from the Clerk of Court at this stage.  To the contrary, Federal Rule of Civil Procedure 45(a)(3) provides that "[t]he clerk *must* issue a subpoena, signed but otherwise blank, to a party who requests it."  Fed. R. Civ. P. 45(a)(3) (emphasis added).  Additionally, even if Defendant asserts that the Nevada Department of Corrections (NDOC) no longer has the footage Plaintiff seeks, that does not preclude Plaintiff's ability to subpoena NDOC to confirm whether the footage has been overwritten.

Following the public policy of deciding cases on their merits, the Court is not inclined to deny Plaintiff the USM-285 forms previously ordered simply because Plaintiff did not receive them in the mail.  *See Olaya v. Wal-Mart Stores, Inc.*, No. 2:11-cv-997-KJD-CWH, 2012 WL 3262875, at *4 (D. Nev. Aug. 7, 2012).  However, the Court recognizes that Plaintiff missed his

1   deadline of serving these forms and filed his motion for the forms after that deadline passed.[1]

2   While the Court is not inclined to deny Plaintiff's ability to subpoena information related to the

3   merits of his case on a technicality, it will not entertain future motions seeking extensions filed

4   after-the-fact without following the requirements under Local Rule IA 6-1 or LR 26-3.

5

6        **IT IS THEREFORE ORDERED** that Defendant's motion to strike (ECF No. 77) is

7   **granted.**  The Clerk of Court is kindly directed to strike ECF No. 76.

8        **IT IS FURTHER ORDERED** that Plaintiff's motion for USM-285 forms (ECF No. 79)

9   is **granted.**  The Clerk of Court is kindly directed to mail Plaintiff four blank USM-285 forms.

10

11        DATED: March 4, 2022

12        _____

13        DANIEL J. ALBREGTS
          UNITED STATES MAGISTRATE JUDGE

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

---

[1] Defendant did not raise this in response and the Court declines to decide the motion on this short
delay alone.