**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Stephen Lee Choate, | Case No.: 2:18-cv-01958-JAD-DJA |
|     Plaintiff | **Order Denying Motion to Dismiss, Overruling Objections, and Adopting Magistrate Judge's Recommendation** |
| v. | |
| Chris Weidick, | [ECF Nos. 63, 65, 74, 75, 87] |
|     Defendant | |

      Pro se plaintiff Stephen Lee Choate brings this civil-rights action against Chris Weidick, a Clark County School District employee who teaches classes at the Southern Desert Correctional Center, where Choate was once incarcerated.[1] After numerous failed attempts to serve Weidick for over a year, Choate effectuated service on September 9, 2021. Weidick now moves to dismiss Choate's third-amended complaint for failure to timely effectuate service. I deny that motion because a pro se litigant like Choate could reasonably interpret the court's previous orders to extend the service deadline to November 2021, and Choate served Weidick before then.

      Choate also objects to the magistrate judge's recommendation to deny his "motion for a protective order," which the magistrate judge construed as a preliminary-injunction motion. I overrule that objection and deny Choate's motion as moot. And Choate objects to the magistrate judge's orders denying him leave to amend and striking Choate's fourth-amended complaint because he failed to comply with the local rule governing amendment of pleadings. I overrule

---

[1] ECF No. 21 (operative complaint); ECF No. 84 (change-of-address notice indicating Choate's release from custody).

those objections because the magistrate judge's determinations were not clearly erroneous or contrary to law.

## Background

### I.  The service history

Choate filed this lawsuit in 2018, alleging that Weidick and other Clark County School District (CCSD) staff violated his rights by discriminating and retaliating against him in a culinary class that Weidick taught at the Southern Desert Correctional Center (SDCC).[2] The court screened his complaint and, after some amendments, allowed his case to move forward on his First Amendment retaliation and Fourteenth Amendment equal-protection claims against Weidick only.[3] Choate directed the U.S. Marshal to serve Weidick at SDCC, but the summons was returned unexecuted because the Marshal was "unable to serve [a] CCSD teacher at SDCC," and the CCSD wouldn't accept service on Weidick's behalf either.[4] On the unexecuted summons, the Marshal commented that he needed Weidick's home address to effectuate service.[5]

Choate then set out on a quest to serve Weidick. He asked the court to obtain Weidick's home address for him and direct the Marshal to serve Weidick at that address.[6] The magistrate judge denied that request, noting that Choate cited no legal authority supporting it.[7] Choate then moved for an order "directing CCSD to accept service" for Weidick, which the magistrate judge

---

[2] ECF No. 17.
[3] ECF No. 25.
[4] ECF No. 29.
[5] Id.
[6] ECF No. 30.
[7] ECF No. 31.  The magistrate judge also denied Choate's motion for reconsideration of that denial and denied the same request Choate made a few months later. ECF No. 35; ECF No. 43.

2

also denied.[8] The magistrate judge also granted Choate three extensions of time to effectuate service, ultimately extending the deadline from March 26, 2020, to October 26, 2020.[9] At that point, the magistrate judge warned Choate that "[t]his is the final extension [he] will receive to complete service."[10]

Choate then attempted to amend his complaint, with the express purpose of further extending his time to serve Weidick.[11] In December 2021, the magistrate judge recommended denying that request, finding that extending a service deadline "is not a ground for amending the operative [complaint]."[12] In May 2021, I adopted the magistrate judge's recommendation over Choate's objection, reiterating that his amendment was for an improper purpose and reminding him that it is his burden to supply a valid service address for Weidick.[13] In my analysis, I noted that Choate "might obtain this information through a properly issued subpoena duces tecum asking CCSD to provide Weidick's current or last-known address to the court under seal."[14]

Apparently heeding my suggestion, in July 2021, Choate filed a "notice of proposed subpoena" seeking Weidick's address from CCSD.[15] On August 19, 2021, the magistrate judge construed the notice as a motion for the issuance of a subpoena and granted it, noting that Choate "is attempting to follow Judge Dorsey's order."[16] He also noted that under Federal Rule of Civil

---

[8] ECF No. 38; ECF No. 40.
[9] ECF No. 33; ECF No. 40; ECF No. 43.
[10] ECF No. 43.
[11] ECF No. 49.
[12] ECF No. 50.
[13] ECF No. 53 at 4.
[14] *Id.*
[15] ECF No. 54.
[16] ECF No. 55.

Procedure (FRCP) 4(m), "service must be accomplished within ninety days from the date this order is entered," apparently establishing a new service deadline of November 17, 2021.[17] CCSD complied with the subpoena and the Marshal served Weidick at his home on September 9, 2021.[18] Weidick now moves to dismiss, arguing that Choate's deadline to effectuate service was October 26, 2020—a deadline he missed by approximately ten months.[19]

## II. Case developments since service

On October 8, 2021, Choate moved for a protective order, claiming that Weidick filed a complaint against him at SDCC to retaliate against Choate for filing this lawsuit.[20] He sought injunctive relief to stop Weidick from filing further complaints with the prison and to prevent SDCC from acting on Weidick's accusations.[21] He also moved to further amend his complaint to add CCSD as a defendant.[22] The magistrate judge construes Choate's motion for a protective order as one seeking injunctive relief and recommends denying it, finding that Choate has not demonstrated irreparable harm.[23] He also denied the motion to amend because Choate failed to file a proposed amended complaint with his motion as required by Local Rule (L.R.) 15-1.[24] Choate filed a one-page objection to that order, appearing to take issue with both the magistrate judge's recommendation and the denial of his amendment motion.[25] Choate also filed another

---

[17] *Id.*
[18] ECF No. 61 (under seal).
[19] ECF No. 63.
[20] ECF No. 65.
[21] *Id.*
[22] ECF No. 67.
[23] ECF No. 74 at 4.
[24] *Id.* at 5.
[25] ECF No. 75.

amended complaint the court's leave, and the magistrate judge granted Weidick's motion to strike that complaint under L.R. 15-1.[26]  Choate objects to that order, too.[27]

**Discussion**

**I.     Weidick's motion to dismiss is denied.**

Weidick moves to dismiss for failure to timely effectuate service, arguing that Choate's final service deadline was October 26, 2020—a deadline he missed by approximately ten months.[28]  He argues that Choate has shown an "obvious and intentional disregard for the [c]ourt's prior orders" through his continued attempts to serve Weidick after the deadline expired.[29]  Under FRCP 4(m), "[i]f a defendant is not served within 90 days after the complaint is filed, the court . . . must dismiss the action without prejudice against that defendant or order that service be made within a specified time."[30]  If a plaintiff shows good cause for his failure to serve, "the court must extend the time for service for an appropriate period."[31]

Given the procedural history of this case, I find good cause and excuse Choate's delay in serving Weidick.  Choate was diligent in his attempts to serve Weidick throughout this case and, while pro se litigants are expected to follow procedural rules, I acknowledge the difficulty that pro se prisoners face when attempting to serve someone at a home address that they cannot easily obtain.  Choate reasonably interpreted my suggestion that he may acquire Weidick's address

---

[26] ECF No. 76 (improperly filed amended complaint); ECF No. 77 (motion to strike); ECF No. 83 (order granting motion to strike).

[27] ECF No. 87.  Choate titles his objection as a motion for reconsideration, but I construe it as an appeal of the magistrate judge's order.

[28] ECF No. 63.

[29] *Id.* at 9.

[30] Fed. R. Civ. P. 4(m).

[31] *Id.*

5

through a CCSD subpoena as an invitation to attempt service one more time. And the magistrate judge also interpreted it as such, finding that Choate was merely following the court's orders when he requested a subpoena seeking Weidick's address. The magistrate judge also noted that service must be effectuated within 90 days under FRCP 4(m), effectively resetting Choate's service deadline. So I construe the magistrate judge's order as another extension of Choate's deadline to serve Weidick and find that Choate completed service before that new deadline expired. I thus deny Weidick's motion to dismiss.

## II. Choate's objection to the magistrate judge's recommendation is overruled and his motion for a protective order is denied as moot.

Choate objects to the magistrate judge's recommendation that I deny his motion for a protective order.[32] When a party objects to a magistrate judge's report and recommendation on a dispositive issue, the district court must conduct a de novo review of the challenged findings and recommendations.[33] The district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge," "receive further evidence," or "recommit the matter to the magistrate judge with instructions."[34]

In his protective-order motion, Choate contends that Weidick filed a complaint against him that resulted in an interview by the associate warden and temporary loss of his administrative job.[35] In his recommendation, the magistrate judge construes Choate's motion for

---

[32] ECF No. 75.

[33] Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1)(B); Local Rule IB 3-2(b) (requiring a district judge to review de novo only the portions of a report and recommendation addressing a case-dispositive issue that a party objects to).

[34] 28 U.S.C. § 636(b)(1).

[35] ECF No. 65. For his part, Weidick denies filing any such complaint. Because it doesn't affect the outcome of Choate's injunctive-relief request, I do not address this factual dispute and assume for the sake of clear analysis that Weidick did file a complaint against Choate.

6

a protective order as a motion for injunctive relief.  He recommends denying that motion because Choate has not shown irreparable harm stemming from the prison's consideration of Weidick's complaint against him, noting that Choate's reply stated that the investigation was complete and did not result in any harm because Choate was rehired.[36]  Choate objects, claiming that the new job he was given doesn't pay (while his previous job did) and accusing Weidick of filing the complaint for the express purpose of causing economic damage to impede his ability to pay court expenses.[37]  He asks the court to waive fees that he owes to the Marshal Service for serving subpoenas on his behalf.[38]

      Regardless of Choate's irreparable-harm arguments, his request is defective for a more fundamental reason.  Choate claims that SDCC completed its investigation into Weidick's complaint, gave him a new job, and changed his hours.  He objects that his new job doesn't pay, but he does not request injunctive relief in the form of reinstatement of his previous job.  His motion asks only that SDCC be enjoined from investigating Weidick's complaint and that Weidick be enjoined from taking retaliatory action against him.  But SDCC's investigation is complete, and Choate does not allege that Weidick has filed further complaints against him or taken any other retaliatory action.  I thus find that Choate's motion for a protective order to stop the investigation and enjoin Weidick's now-completed, past conduct is moot and deny it on that basis.  And to the extent that Choate's objection can be construed as a request to waive the fees the Marshal charges to serve subpoenas, I deny it.  "A plaintiff proceeding in forma pauperis [under] 28 U.S.C. § 1915(d) is responsible for paying all fees and costs associated with

---

[36] ECF No. 74 at 4 (citing ECF No. 72 at 3–4).
[37] ECF No. 75 at 3.
[38] *Id.* at 3.

subpoenas."[39] Choate does not cite any authority allowing me to waive those required fees, so I decline to do so.

## III. Choate's objections to the magistrate judge's orders are overruled.

A district judge may reconsider any non-dispositive matter that has been finally determined by a magistrate judge "when it has been shown that the magistrate judge's order is clearly erroneous or contrary to law."[40] This standard of review "is significantly deferential" to a magistrate judge's determination.[41] A district court overturns a magistrate judge's determination under this standard only if it has "a definite and firm conviction that a mistake [of fact] has been committed"[42] or a relevant statute, law, or rule has been omitted or misapplied.[43]

Choate asks me to reconsider two related magistrate-judge orders: one denying his motion for leave to amend his complaint and one striking the amended complaint he filed anyway.[44] But both of those orders were legally correct. L.R. 15-1 requires that the party seeking amendment "*must* attach the proposed amended pleading" to a motion seeking leave to amend.[45] Choate failed to comply with that rule, so the magistrate judge correctly denied his motion. And Choate's decision to file an amended complaint without first securing the court's leave to do so violates FRCP 15's instruction that "a party may amend its pleading *only* with the

---

[39] *Garcia v. Grimm*, 2012 WL 216565, at *5 (S.D. Cal. Jan. 23, 2012) (citing *Tedder v. Odel*, 890 F.2d 210, 211–12 (9th Cir. 1989); *Alexander v. Plainer*, 390 F. App'x 724, 726 (9th Cir. 2010)).

[40] L.R. IB 3-1(a).

[41] *Concrete Pipe and Prods. of Cal., Inc. v. Constr. Laborers Pension Trust for S. Cal.*, 508 U.S. 602, 623 (1993).

[42] *Id.* (internal quotation marks omitted).

[43] *See Grimes v. City and Cnty. of S.F.*, 951 F.2d 236, 240–41 (9th Cir. 1991).

[44] ECF No. 70; ECF No. 87.

[45] L.R. 15-1 (emphasis added).

8

opposing party's written consent or the court's leave."[46] The magistrate judge's decision to strike that complaint followed applicable law. I also note that Choate has filed another motion to amend his complaint, with a proposed pleading attached, that is currently pending before the magistrate judge.[47] So his attempts to revive his previous amendment motions are also moot.

**Conclusion**

IT IS THEREFORE ORDERED that defendant Chris Weidick's motion to dismiss **[ECF No. 63] is DENIED**.

IT IS FURTHER ORDERED that plaintiff Stephen Lee Choate's **objection [ECF No. 75] to the magistrate judge's report and recommendation is OVERRULED** and the recommendation to deny Choate's motion for a protective order **[ECF No. 74] is ADOPTED** consistent with this order. Choate's motion for a protective order **[ECF No. 65] is thus DENIED as moot**.

IT IS FURTHER ORDERED that Choate's appeal of the magistrate judge's order granting Weidick's motion to strike **[ECF No. 87] is OVERRULED**.

                                                                   _____
                                                                  U.S. District Judge Jennifer A. Dorsey
                                                                  May 5, 2022

---

[46] Fed. R. Civ. P. 15(a)(2) (emphasis added).
[47] ECF No. 88.