1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

Stephen Lee Choate,

                Plaintiff,

     v.

Chris Weidick, et al.,

                Defendants.

Case No. 2:18-cv-01958-JAD-DJA

**Order**

This is a prisoner civil rights case arising out of Plaintiff Stephen Choate's assertion that he was wrongfully removed from a cooking class taught by Defendant Chris Weidick while Plaintiff was an inmate at the Southern Desert Correctional Center (SDCC).  Plaintiff has moved to amend his complaint (ECF No. 88), which motion the Court denies for being futile.  Plaintiff has moved to compel SDCC to produce documents (ECF No. 89), which motion the Court denies because Plaintiff has not shown that he has subpoenaed SDCC.  Plaintiff also moves the Court to change the conditions of his residence at Casa Grande—the transitional home at which he is currently residing—in two motions (ECF Nos. 101 and 107), which motions the Court denies because it lacks the jurisdiction to modify the conditions of Plaintiff's release.

Plaintiff moves the Court to consider his motions before others (ECF No. 108), which motion the Court denies because Plaintiff has demonstrated no need for expedited relief.  Defendant moves to take Plaintiff's deposition (ECF No. 109), which motion the Court grants because Plaintiff did not respond.  Finally, Plaintiff moves to extend the deadline by which he can amend his complaint (ECF No. 110), which the Court grants in part and denies in part.  The Court also *sua sponte* extends the current case deadlines by sixty days.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

I.      **Discussion.**

      *A.      The Court denies Plaintiff's motion to amend.*

      Plaintiff moves to amend his complaint, arguing that he wishes to include the Clark County School District (CCSD), SDCC, Warden Hutchings, and Warden Gentry as defendants. (ECF No. 88).  He alleges that CCSD and SDCC failed to train and monitor Weidick in his capacity as a teacher at the prison.  (*Id.* at 2).  He adds that Warden Gentry and Warden Hutchings failed to address his grievances, violating his right to access the court.  (*Id.* at 3).

      Defendant responds that Plaintiff brought his motion in bad faith and that amendment would be futile.  (ECF No. 98).  Defendants argues that Plaintiff has filed meritless motions, waited until the last minute to move for extensions, and disregarded the Court's prior orders.  (*Id.* at 12-14).  The instant motion to amend, Defendant argues, is another example of Plaintiff's bad faith litigation tactics.  (*Id.*).

      Defendant argues that Plaintiff's amendment is futile because the Court already dismissed many of his re-asserted claims with prejudice.  (*Id.* at 16-20).   Specifically, the Court dismissed his Fourteenth Amendment due process and First Amendment access to the courts claim against Ann Froby—CCSD principal—and all other defendants.  (*Id.*).  Defendant adds that the Court already dismissed Plaintiff's conspiracy claim for being unripe.  (*Id.*).

      Defendant argues that Plaintiff's new claims—for 42 U.S.C. § 1983 liability against CCSD and SDCC and violation of access to grievance process against Warden Hutchings—and re-alleged claim—violation of his Fourteenth Amendment Equal Protection rights against Weidick—are also futile.  (*Id.* at 15-19).  Defendant argues that Plaintiff's claims against CCSD and SDCC are based entirely on *respondeat superior* and thus fail.  (*Id.*).  Plaintiff's claim against Warden Hutchings[1] is based on the same flawed logic as his previously-denied-with-prejudice "access to courts" claim because there is no constitutional right to a grievance process.  (*Id.*).

---

[1] While Plaintiff asserts in his motion that he wishes to bring claims against Warden Gentry, his proposed amended complaint does not assert facts against Warden Gentry.

1   Finally, Defendant points out that Plaintiff fails to allege any facts to show that Weidick acted

2   against him based on his age.  (*Id.*).

3        Plaintiff replies and asks the Court to construe his amended complaint liberally because he

4   has limited access to a computer or the ability to study case law.  (ECF No. 102).  He adds that he

5   is in the process of taking paralegal classes.  (*Id.* at 4).  Plaintiff asserts that he should be allowed

6   to add CCSD and SDCC because of their failure to investigate his complaints.  (*Id.* at 5).

7        Generally, a party may amend its pleading once "as a matter of course" within twenty-one

8   days of serving it, or within twenty-one days after service of a responsive pleading or motion

9   under Rule 12(b), (e), or (f).  Fed. R. Civ. P. 15(a)(1).  Otherwise, "a party may amend its

10  pleading only with the opposing party's written consent or the court's leave."  Fed. R. Civ. P.

11  15(a)(2).  "The court should freely give leave when justice so requires."  *Id.*  "The court considers

12  five factors [under Rule 15] in assessing the propriety of leave to amend": (1) bad faith, (2) undue

13  delay, (3) prejudice to the opposing party, (4) futility of amendment, and (5) whether the plaintiff

14  has previously amended the complaint."  *United States v. Corinthian Colls.*, 655 F.3d 984, 995

15  (9th Cir. 2011).  The Court need not consider all these factors in each case.  *Wizards of the Coast*

16  *LLC v. Cryptozoic Entertainment LLC*, 309 F.R.D. 645, 649 (W.D. Wash. 2015).

17       Here, the Court denies Plaintiff's motion to amend because his proposed amendment

18  would be futile.  *See Carvajal v. Clark County*, 539 F. Supp. 3d 1104, 1117 (D. Nev. 2021) ("[a]n

19  amended complaint is futile 'where [it] would be subject to dismissal' under Rule 12(b)(6))

20  (quoting *Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1298 (9th Cir. 1998)). Plaintiff is

21  currently proceeding on his First Amendment retaliation claim and Fourteenth Amendment equal

22  protection claim against Weidick.  (ECF No. 25).  These allegations are contained in his third

23  amended complaint, which is the current operative complaint.  (ECF No. 21).  Because Plaintiff's

24  proposed amendments would be futile, the Court denies his motion to amend his complaint.  The

25  third amended complaint is thus still the operative complaint and Plaintiff is still proceeding on

26  his First Amendment retaliation and Fourteenth Amendment equal protection claims.

27

28

1                    1.    First Amendment inadequate grievance process claim.

2         Plaintiff alleges that he was denied his First Amendment right to access the Courts when

3    CCSD Principal Froby coerced SDCC Officer Smith to make a perjured statement to impede the

4    investigation of Weidick.  (ECF No. 88-1 at 6).  Plaintiff asserts that he was denied access to the

5    courts because of this statement.  (*Id.*).  Plaintiff also adds a claim that Warden Hutchings

6    violated the duty to investigate Plaintiff's grievances, also resulting in a violation of Plaintiff's

7    right to access to the courts.  (*Id.* at 9).

8         Although Plaintiff refers to this as an "access to the courts" claim, he is actually alleging

9    that the conduct interfered with the grievance process, not that the conduct interfered with his

10   access to the courts.  He offers no facts to suggest that his right to access the courts has been

11   compromised.  The Court thus interprets Plaintiff's allegations as a claim for interference with the

12   grievance process.

13        But the law affords prisoners no constitutional right to a particular grievance process.  *See*

14   *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988); *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th

15   Cir. 2003); *LeBlanc v. Tabak*, No. CV 16-03270, 2016 WL 6102327, at *6 (C.D. Cal. Oct. 18,

16   2016) (holding that plaintiff could state a colorable claim based on a defendant's denial of a

17   grievance or failure to adequately investigate a grievance); *Patterson v. Kane*, No. 06-15781,

18   2006 WL 3698654 at *1 (9th Cir. Dec. 13, 2006) (recognizing that denial of a grievance does not

19   rise to the level of a constitutional violation); *Take Sang Yoon v. Arnett*, 385 F.App'x 666, 668

20   (9th Cir. 2010) (rejecting claim of failure to respond to grievance).  As a result, Plaintiff cannot

21   state a colorable claim based merely on the failure to adequately investigate his grievances.

22   Indeed, the Court has already dismissed Plaintiff's claims against Froby on these grounds with

23   prejudice.  The Court thus denies Plaintiff's motion to amend to reassert this claim against Froby

24   and to add it against Warden Hutchings as futile.

25                    2.    First Amendment retaliation.

26        Plaintiff alleges that, because he engaged in the protected conduct of objecting to

27   Weidick's harassment of him, Weidick took the adverse and potentially chilling action of

28   removing Plaintiff from the class without a legitimate correctional goal.  (ECF No. 88-1 at 5).

The Court already found that Plaintiff had sufficiently asserted a First Amendment retaliation claim against Weidick.  (ECF No. 25 at 4-5).  And Plaintiff's amended complaint does not allege any new facts.  *Compare* (*Id.*) *with* (ECF No. 88-1 at 5).  Because the Court does not find that any of Plaintiff's new or re-alleged claims have merit, Plaintiff's attempt to amend his complaint to reassert this claim would also be futile.  The Court thus denies Plaintiff's motion to amend to reassert this claim against Weidick.

3.   <u>Fourteenth Amendment due process claim.</u>

Plaintiff again alleges that Principal Froby and Weidick violated his Fourteenth Amendment right to due process.  (ECF No. 88-1 at 6-7).  But these allegations are similar to those which the Court already dismissed with prejudice.  (ECF No. 20 at 4-5).  And Plaintiff has not added any facts that would save them from dismissal.  The Court thus denies Plaintiff's motion to amend this claim as futile.

4.   <u>Fourteenth Amendment equal protection claim.</u>

Plaintiff alleges that Weidick discriminated against him because of his age by verbally assaulting him.  (ECF No. 88-1 at 5).  To state an equal protection claim, a plaintiff must allege facts demonstrating that the defendant acted with the intent and purpose to discriminate against him based on membership in a protected class, or that defendants purposefully treated him differently than similarly situated individuals without any rational basis for the disparate treatment.  *Lee v. City of Los* Angeles, 250 F.3d 668, 686 (9th Cir. 2001); *see also Vill. Of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000).  States may discriminate on the basis of age without offending the Fourteenth Amendment if the age classification in question is rationally related to a legitimate state interest.  *Kimel v. Fla. Bd. of Regents*, 528 U.S. 62, 83-84 (2000).

Here, unlike Plaintiff's Fourteenth Amendment equal protection claim that the Court screened and allowed to proceed in his third amended complaint, Plaintiff includes no facts about his age.  Nor does he address the age of other individuals who were treated differently, or how these other individuals were treated differently.  *Compare* (ECF No. 881 at 5) *with* (ECF No. 25 at 5).  Plaintiff's proposed amendment of his Fourteenth Amendment equal protection claim is thus futile.

1              5.      <u>Conspiracy.</u>

2            Plaintiff realleges that there was a conspiracy to violate his First Amendment right to be

3      heard through the grievance process and a conspiracy to violate his Fourteenth Amendment right

4      to equal protection. (ECF No. 88-1 at 7). This claim is again based on Plaintiff's allegations that

5      Weidick withdrew him from class and falsified his attendance records to impede an investigation,

6      coupled with Froby's alleged submission of perjured testimony. (*Id.*). However, the Court

7      previously dismissed Plaintiff's conspiracy claims because he did not state a colorable claim

8      based on the grievance process or failure to investigate. (ECF No. 20 at 8-10). The same holds

9      true here.

10           Additionally, the Court previously found that Plaintiff's conspiracy claim based on his

11     allegation that Weidick and Froby conspired to cover up Weidick's discrimination was not ripe.

12     (*Id.*). It explained that,

13
14              Although plaintiffs in § 1983 actions may sometimes be able to state
                a claim for conspiracy to cover up a constitutional violation, a
15              plaintiff cannot state a cognizable claim for conspiracy to cover up
                unless the conspiracy claim is connected to a failure to succeed in a
16              lawsuit on the underlying claim that was allegedly covered up.

17           (*Id.*) (citing *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 625 (9th

18     Cir. 1988)).

19           Again, the same holds true here. Plaintiff has only filed an amended complaint with a

20     discrimination claim, which amended complaint does not state sufficient facts. So, Plaintiff has

21     not lost his discrimination claim due to any cover up. Therefore, a conspiracy to cover up the

22     discrimination claim is again premature. Plaintiff's conspiracy claim is thus futile.

23              6.      <u>Municipal liability.</u>

24           Plaintiff adds claims to his amended complaint alleging that CCSD and SDCC are liable

25     for failing to train their employees and being indifferent to their employee's failure to investigate

26     Plaintiff's grievances, Weidick's discrimination, and Froby's coercion of a perjured statement.

27     (ECF No. 88-1 at 8). Plaintiff alleges that Karen West, CCSD supervisor of Adult Education, and

28

1   "senior law clerks" at SDCC and CCSD were aware of Weidick's discriminatory practices, but

2   did nothing to stop it. (*Id.*).

3         "*Monell* established that municipalities can be liable for infringement of constitutional

4   rights, under certain circumstances." *Horton v. City of Santa Maria*, 915 F.3d 592, 602 (9th Cir.

5   2019) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978)). "In particular, municipalities

6   may be liable under § 1983 for constitutional injuries pursuant to (1) an official policy; (2) a

7   pervasive practice or custom; (3) a failure to train, supervise or discipline; or (4) a decision or act

8   by a final policymaker." *Id.* at 602-03 (citation omitted). "A municipality may not, however, be

9   sued under a *respondeat superior*[2] theory." *Id.* (citation omitted); *Castro v. County of Los

10  Angeles*, 833 F.3d 1060, 1073 (9th Cir. 2016) (en banc). "In order to establish municipal liability,

11  a plaintiff must show that a 'policy or custom' led to the plaintiff's injury." *Castro v. County of

12  Los Angeles*, 833 F.3d 1060, 1073 (9th Cir. 2016).

13        Plaintiff has not identified a policy or custom enacted by CCSD or SDCC that caused the

14  alleged constitutional violations. Indeed, Plaintiff often refers to CCSD and SDCC

15  interchangeably, making it difficult to tell which facts he attributes to which entity. Because

16  these entities cannot be sued under a *respondeat superior* theory, Plaintiff's allegations are futile.

17        **B.**     **The Court denies Plaintiff's motion to compel (ECF No. 89).**

18        Plaintiff's motion to compel discovery responses from the Nevada Department of

19  Corrections (NDOC) appears to be an attempt to subpoena NDOC. (ECF No. 89). Defendant

20  points this out in response. (ECF No. 92). Plaintiff asserts in reply that the Court already

21  approved his subpoena. (ECF No. 96).

22        However, the Court did not approve a subpoena. On January 3, 2022, the Court liberally

23  construed one of Plaintiff's motions as a motion for a subpoena that he could serve on SDCC.

24  (ECF No. 74). In it, the Court directed the Clerk of Court to send Plaintiff a signed subpoena and

25  four USM-285 forms so that he could furnish the US Marshal with the subpoena and USM-285

26  _____

27  [2] *Respondeat superior* is a doctrine that holds an employer liable for its employee's wrongful acts
    that are committed within the scope of employment. *McGilbra v. NaphCare Medical Billing*, No.

28  3:20-cv-00324-MMD-WGC, 2021 WL 5541933, at *5 (D. Nev. Sept. 29, 2021).

form for service.  (*Id.*).  The Court gave Plaintiff twenty-one days to send the US Marshal his forms and provided him specific instructions about where to send his subpoenas and what to include to accomplish service.  (*Id.*).

About a month later—after the deadline—Plaintiff moved the Court to send him four additional USM-285 forms, which motion the Court granted.  (ECF Nos. 79, 83).  The Court added that, "[while it] is not inclined to deny Plaintiff's ability to subpoena information related to the merits of his case on a technicality [of not receiving the USM-285 forms], it will not entertain future motions seeking extensions filed after-the-fact without following the requirements under Local Rule IA 6-1 or LR 26-3."  (ECF No. 83).  About a month after the Court's order sending him more forms, Plaintiff filed a "notice" that he filled out the forms.  (ECF No. 86).  He wrote "I'm guessing – you'll sign subpoena & I'll do a motion to compel asking 'specifically' for production documents."  (*Id.*).

The Court denies Plaintiff's motion to compel.  While the Court directed the Clerk of Court to issue a subpoena to Plaintiff to serve, Plaintiff has not followed the instructions the Court provided.  Nor has he provided any evidence that he served the subpoena to SDCC.  Moreover, Plaintiff's instant motion is directed to NDOC, not SDCC.  Finally, while the "clerk must issue a subpoena, signed but otherwise in blank, to a party who requests it" a motion to compel is not the appropriate way to request a subpoena.  Fed. R. Civ. P. 45(a)(3).  The Court thus denies Plaintiff's motion to compel.

> **C.    The Court denies Plaintiff's motion for service and to change the conditions of his release (ECF No. 101).**

Plaintiff moves the Court to "get motion to compel signed by Judge and attach to USM 285 form and serve on US Marshall [sic] to effectuate service on SDCC/Warden Hutchings." (ECF No. 101).  Plaintiff also asks the Court to order Casa Grande—the transitional home where Plaintiff is currently residing—to change the conditions of his travel so that he can go to the Federal Court law library.  (*Id.* at 5).  However, the Court denied Plaintiff's motion to compel.  It thus denies his motion for service as moot.  The Court also lacks jurisdiction to change the conditions of Plaintiff's release because it did not set those conditions.  And Plaintiff has not

provided any authority that the Court can change his conditions.  It thus denies his request for the Court to change those conditions.

**D.      The Court denies Plaintiff's motion for trial preparation (ECF No. 107).**

Plaintiff moves the Court to order Casa Grande to grant him a travel pass to go to the Federal Court law library.  (ECF No. 107).  As discussed above, the Court lacks jurisdiction to change the conditions of Plaintiff's release.  It thus denies his motion.

**E.      The Court denies Plaintiff's motion for expedited consideration (ECF No. 108).**

Plaintiff has filed a motion for expedited consideration of his motions.  (ECF No. 108). Plaintiff appears to once again be asking the Court to move consideration of his motions ahead of those filed by people in other cases.  Although Plaintiff is understandably frustrated by the pace of litigation, this frustration is not a valid reason to prioritize his case over other cases.  The Court receives hundreds of civil-rights cases from prisoners every year.  It finds no basis for prioritizing Plaintiff's case over those who filed similar types of motions before Plaintiff did.  In any event, because the Court has decided his pending motions, the motion to expedite is moot.  The Court thus denies it.

**F.      The Court grants Defendant's motion to take the deposition of Plaintiff (ECF No. 109) and grants Plaintiff's motion to extend the scheduling order (ECF No. 110).**

Defendant moves to take the deposition of Plaintiff before the discovery cutoff.  (ECF No. 109).  Plaintiff did not respond.  (ECF No. 112).  The discovery cutoff ended September 7, 2022. (ECF No. 105 at 2).

Plaintiff moves the Court to extend the deadline to amend the complaint, which passed on August 8, 2022 so that he may serve his amended complaint.  (ECF No. 110); (ECF No. 105 at 2). Defendant responds that the motion—like the motion to amend—is futile because Plaintiff's amended complaint does not assert cognizable claims.  (ECF No. 111).  Defendant adds that he does not oppose an extension of any other case-related deadlines.  (*Id.*).  Plaintiff replies that he has attempted on multiple occasions to amend his complaint and he should be allowed to extend the service deadline.  (ECF No. 113).

Plaintiff appears to be referring to his service deadline under Federal Rule of Civil Procedure 4(m).  However, because the Court has denied his motion to amend, it denies his request to extend his service deadline.[3]  To the extent Plaintiff is seeking to extend the deadline to amend his complaint, the Court grants that request.  Plaintiff moved to extend the deadline before it expired and provided good cause: that he has attempted to amend his complaint but has been unsuccessful due to his *pro se* status and lack of access to legal materials.  The Court thus grants his motion to extend in part and extends the amendment deadline by sixty days.

Additionally, Defendant is seeking to depose Plaintiff.  Plaintiff did not respond to Defendant's motion to depose him, constituting his consent to granting it.  *See* LR 7-2(d).  The Court thus grants Defendant's motion.  Additionally, because the discovery cut off has expired and because Defendant is not opposed to extending the other case deadlines, the Court *sua sponte* extends the other deadlines in this case, also by sixty days.

**IT IS THEREFORE ORDERED** that Plaintiff's motion to amend (ECF No. 88) is **denied.**

**IT IS FURTHER ORDERED** that Plaintiff's motion to compel (ECF No. 89) is **denied.**

**IT IS FURTHER ORDERED** that Plaintiff's motion for service and to change the conditions of his release (ECF No. 101) is **denied.**

**IT IS FURTHER ORDERED** that Plaintiff's motion regarding "trial preparation" (ECF No. 107) is **denied.**

**IT IS FURTHER ORDERED** that Plaintiff's motion for expedited judicial examination (ECF No. 108) is **denied.**

**IT IS FURTHER ORDERED** that Defendant's motion to take Plaintiff's deposition (ECF No. 109) is **granted.**

---

[3] If Plaintiff files a successful motion to amend, he may then move to extend the time limit for service under Federal Rule of Civil Procedure 4(m).

1    **IT IS FURTHER ORDERED** that Plaintiff's motion to extend the scheduling order

2  (ECF No. 110) is **granted in part.**  The following deadlines shall govern discovery:

3

4

5        Amend pleadings/add parties:            October 7, 2022

6        Discovery cutoff:                       November 8, 2022

7        Discovery motions:                      November 21, 2202

8

9

10       DATED: September 13, 2022

11       _____

12       DANIEL J. ALBREGTS
         UNITED STATES MAGISTRATE JUDGE

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28