**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| Stephen Lee Choate,<br><br>                    Plaintiff,<br><br>    v.<br><br>Chris Weidick,<br><br>                    Defendant. | Case No. 2:18-cv-01958-JAD-DJA<br><br>**Order** |

      This is a prisoner civil rights case arising out of Plaintiff Stephen Choate's assertion that he was wrongfully removed from a cooking class taught by Defendant Chris Weidick while Plaintiff was an inmate at the Southern Desert Correctional Center (SDCC).  Plaintiff moves to compel the Clark County School District (CCSD) and SDCC to respond to discovery.  (ECF No. 140).  Plaintiff then filed two motions again seeking to compel CCSD and SDCC to respond to discovery.  (ECF Nos. 145 and 146).  Defendant moves to strike Plaintiff's two motions seeking identical relief as unsanctioned documents.  (ECF Nos. 148 and 149).  Because neither SDCC nor CCSD are parties and thus cannot be compelled to respond to discovery requests and because the subpoenas Plaintiff appears to have sent the two entities were not issued by this Court, the Court denies Plaintiff's motions to compel.  (ECF No. 140, 145, and 146).  Because Plaintiffs' other two motions seek identical relief to his initial motion to compel, the Court grants Defendant's motions to strike them (ECF Nos. 148 and 149).

**I.**     **Discussion.**

      *A.*     ***The Court denies Plaintiff's motions to compel.***

      Plaintiff moves  the Court to compel SDCC and CCSD to produce documents.  (ECF No. 140).  It is unclear from Plaintiff's motion if he sent document requests or subpoenas to CCSD and SDCC.  Defendant responds that, because CCSD and SDCC are not parties, the Court cannot compel them to respond to discovery requests.  (ECF No. 141).  Defendant adds that Plaintiff has

not issued or served any subpoenas that either entity is required to respond to. Plaintiff did not reply.

This is not the first time that Plaintiff has moved to compel a non-party to respond to discovery. The Court has already liberally construed one of Plaintiffs' motions as a motion for a subpoena to SDCC. (ECF No. 74). It has provided instructions for Plaintiff to serve subpoenas (*Id.*), sent Plaintiff additional forms to serve his subpoenas (ECF No. 83), granted Plaintiff additional time to serve his subpoenas (*Id.*), and informed Plaintiff that a motion to compel is not the proper way to serve a subpoena (ECF No. 115).

The Court cannot compel a non-party to respond to discovery requests because the Federal Rules of Civil Procedure do not provide for the issuance of requests for production, interrogatories, and requests for admission to nonparties. *See generally* Fed. R. Civ. P 33, 34, 36. Rather, a party seeking discovery from nonparties must issue a subpoena under Federal Rule of Civil Procedure 45. The Court has already offered Plaintiff guidance on this topic. Yet it is unclear from Plaintiff's motion if he has followed it by serving subpoenas on SDCC and CCSD. Although Defendant pointed this out in response, Plaintiff did not provide any explanation in reply. Instead, Plaintiff filed two more motions to compel. (ECF Nos. 145 and 146). In his other two motions, Plaintiff attaches the "subpoenas" he mailed to CCSD and SDCC. (ECF No. 145 at 6-8); (ECF No. 146 at 4-6). But neither are subpoenas issued by the Court as required by Federal Rule of Civil Procedure 45(a)(2). The Court thus denies Plaintiff's motions to compel.

### B. The Court grants Defendant's motions to strike.

Defendant moves to strike both of Plaintiff's additional motions to compel. (ECF Nos. 148, 149). Defendant argues that the Court should strike the motions because they seek the same relief he already requested in his original motion to compel. Plaintiff did not respond to either motion to strike.

"It is well established that district courts have inherent power to control their docket." *Ready Transp., Inc. v. AAR Mfg., Inc.*, 627 F.3d 402, 404-405 (9th Cir. 2010) (internal citations and quotations omitted). Part of that power includes striking documents from the docket. *See id.*

And under Local Rule 7-2(d), the failure of an opposing party to file points and authorities in response to a motion constitutes a consent to the granting of the motion.

Plaintiff's motions are duplicative of his already-filed motion to compel. Although the Court has already denied the duplicative motions to compel, the motions nonetheless clutter the docket. Plaintiff has also failed to respond to Defendant's motions. The Court thus grants Defendant's motions to strike Plaintiff's redundant motions to compel.

**IT IS THEREFORE ORDERED** that Plaintiff's motions to compel (ECF Nos. 140, 145, and 146) are **denied.**

**IT IS FURTHER ORDERED** that Defendant's motions to strike (ECF Nos. 148 and 149) are **granted.** The Clerk of Court is kindly directed to **strike** ECF Nos. 145 and 146 from the docket.

DATED: July 24, 2023

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE