UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Stephen Lee Choate,<br><br>　　　Plaintiff<br><br>v.<br><br>Chris Weidick,<br><br>　　　Defendant | Case No.: 2:18-cv-01958-JAD-DJA<br><br>**Order Granting Defendant's Motion for Summary Judgment and Closing Case**<br><br>[ECF No. 124] |

　　Pro se plaintiff Stephen Choate brings this civil-rights action against Chris Weidick, asserting First Amendment retaliation and equal-protection claims arising out of a culinary class Weidick taught at the Southern Desert Correctional Center. Choate alleges that Weidick ridiculed him daily on account of his age and when Choate confronted Weidick, he was removed from the class. Weidick moves for summary judgment. Because Choate presents no evidence to support his allegations that Weidick made his comments because of Choate's age and that Weidick was responsible for Choate's removal from the class, I grant Weidick's motion for summary judgment and close this case.

## Background

　　Choate was incarcerated at the Southern Desert Correctional Center (SDCC) and enrolled in an adult-education culinary class taught by Weidick.[1] Clark County School District (CCSD) operates the prison school under the supervision of Principal Ann Froby.[2] Choate alleges that Weidick lobbed daily "discriminatory verbal attacks" by asking about Choate's mortgage-fraud

---

[1] ECF No. 21 at 5 (third-amended complaint).
[2] ECF No. 124-2 at 23.

crimes and what he did with the money from them.[3]  At 65, Choate was the oldest student in the class; the other fifteen students were between 23 and 35 years old.[4]

Students were unable to complete the practical-skills portion of this 2016–17 culinary class because the classroom kitchen was inoperable.[5]  As it became clear that the kitchen would not be available before the class term concluded, Weidick offered all students the opportunity to leave but still obtain meritorious credit[6] shortening their prison sentences or to re-enroll in the culinary class the following term to complete the practical-skills portion and obtain a certificate.[7]  Choate chose to remain in the class for the remainder of the term, hoping the kitchen would open.[8]

On May 15, 2017, while the class was preparing the kitchen to open, Choate confronted Weidick about his "discriminatory behavior."[9]  The following day, Choate was dismissed from the culinary class[10] and Principal Froby awarded him the meritorious credit.[11]  Choate brought

---

[3] *Id.*; ECF No. 124-1 at 25.

[4] ECF No. 124-1 at 23.

[5] *Id.* at 29–30; ECF No. 124-2 at 20.

[6] By completing vocational courses, prisoners can earn meritorious credits that shorten their total prison sentence.  *See* ECF No. 124-1 at 22.

[7] ECF No. 124-2 at 20.  Choate partially disputes this fact, claiming that some students received their certificate for the partial-course completion.  *See* ECF No. 124-1 at 42–43.

[8] ECF No. 124-2 at 21.

[9] ECF No. 21 at 25.

[10] *Id.*  Choate believes that Weidick dismissed him from the class.  Both Weidick and Principal Ann Froby declare that Froby alone made the decision to remove Choate from the class.  *See* ECF No. 124-2 at 21, 24.

[11] ECF No. 21 at 40.

First Amendment retaliation and Fourteenth Amendment equal-protection claims against Weidick,[12] who now moves for summary judgment on both claims.[13]

## Discussion

### I. Summary-judgment standard

Summary judgment is appropriate when the pleadings and admissible evidence "show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."[14] "By its very terms, this standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact."[15] A fact is material if it could affect the outcome of the case.[16]

On summary judgment, the court must view all facts and draw all inferences in the light most favorable to the nonmoving party,[17] so the parties' burdens on an issue at trial are critical. When the moving party does not bear the burden of proof on the dispositive issue at trial, he is not required to produce evidence to negate his opponent's claim—his burden is merely to point out the evidence showing the absence of a genuine material factual issue.[18] He needs to defeat just one element of a claim to garner summary judgment on it because "a complete failure of

---

[12] *Id.* at 4–5.

[13] ECF No. 124. Choate filed several response briefs to Weidick's motion. *See* ECF No. 143; ECF No. 153; ECF No. 158. Because Choate failed to obtain leave to amend his response or file a surreply, and the rules of this court permit only a single response, *see* L.R. 7.2(b), I consider only his original one: ECF No. 143.

[14] *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (citing Fed. R. Civ. P. 56(c)).

[15] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–49 (1986).

[16] *Id.* at 249.

[17] *Kaiser Cement Corp. v. Fischbach & Moore, Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986).

[18] *Celotex*, 477 U.S. at 323.

proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial."[19]

### II. Choate hasn't presented evidence that the adverse action was taken by Weidick, so summary judgment is appropriate on his retaliation claim.

Choate alleges that Weidick subjected him to daily ridicule and, when Choate protested, Weidick retaliated by removing Choate from his class. As a prisoner asserting a First Amendment retaliation claim, Choate must prove (1) a state actor took some adverse action against him, (2) because of, (3) Choate's protected conduct, (4) the adverse action chilled his exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal.[20] Weidick argues that he is entitled to summary judgment because he did not make the decision to remove Choate from the class.[21] To support this assertion, Weidick points to two evidentiary items: (1) an interrogatory response in which he explains that he lacks the authority to terminate students from his classes;[22] (2) Principal Froby's declaration that she "made the sole administrative decision to remove Choate from Weidick's class" because Weidick told her that Choate was unprepared for class and left early and because SDCC Officer Smith told her that Choate was standing around and not assisting with the work.[23]

Choate disputes many of the underlying facts that Principal Froby relied upon, including what Officer Smith told her and whether he ever misbehaved in class.[24] But Choate does not

---

[19] *Id.* at 322.

[20] *Rhodes v. Robinson*, 408 F.3d 559, 567–68 (9th Cir. 2005) (cleaned up).

[21] ECF No. 124 at 7–8.

[22] ECF No. 124-2 at 12.

[23] *Id.* at 24.

[24] ECF No. 143 at 2. Choate has repeatedly asked the court to compel Officer Smith to appear for an evidentiary hearing and compel CCSD and SDCC to produce various documents. *See*

deny the material fact that it was Principal Froby alone—not Weidick—who made the decision to remove him from the class. Regardless of whether Principal Froby's reasons are precisely as she states, Choate cannot prevail on his retaliation claim against Weidick if the adverse action he complains of wasn't taken by Weidick. So I grant Weidick's motion for summary judgment on Choate's retaliation claim.

### III. Choate offers no evidence that he was treated differently on account of age, so summary judgment is appropriate on his equal-protection claim, too.

For his second cause of action, Choate claims that Weidick harassed him because he was the only older student in the culinary class, violating his equal-protection rights. The Fourteenth Amendment's equal-protection clause requires "that all persons similarly situated should be treated alike."[25] To prevail on his equal-protection claim, Choate must show that Weidick "acted with an intent or purpose to discriminate against [him] based upon [his age]."[26] Choate acknowledges that the sole basis for his discrimination claim is that Weidick allegedly asked Choate about his crime and what he did with the money he received from it.[27] Weidick also does not dispute Choate's assertion that he was 65 years old while all other students in the culinary class were much younger.[28]

Weidick argues that he is entitled to summary judgment because Choate lacks any evidence that he was singled out based on age and Choate admitted at deposition that Weidick

---

*e.g.*, ECF No. 140; ECF No. 143; ECF No. 153. But the magistrate judge repeatedly told Choate that the court cannot compel non-parties to appear and explained the process to obtain and serve proper subpoenas. *See* ECF No. 74 at 4–5; ECF No. 159 at 2. Choate never did.

[25] *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985).

[26] *Lee v. City of Los Angeles*, 250 F.3d 668, 686 (9th Cir. 2001) (cleaned up).

[27] ECF No. 124-1 at 26–29.

[28] *See id.* at 23.

asked other students about their crimes as well.[29] Choate does not respond to this argument[30] and acknowledged during his deposition that he did not have any evidence that Weidick's inquiries were motivated by Choate's age.[31] Because Choate has not demonstrated that he was treated differently than similarly situated prisoners or that any of this alleged mistreatment was on account of age, I grant Weidick's motion for summary judgment on Choate's equal-protection claim.

## Conclusion

IT IS THEREFORE ORDERED that Weidick's motion for summary judgment [**ECF No. 124**] **is GRANTED**. The Clerk of Court is directed to **ENTER FINAL JUDGMENT in Weidick's favor on all remaining claims** and **CLOSE THIS CASE**.

_____
U.S. District Judge Jennifer A. Dorsey
August 2, 2023

---

[29] ECF No. 124 at 9–10.
[30] *See* ECF No. 143; ECF No. 154; ECF No. 158.
[31] ECF No. 124-1 at 38.